IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GREGORY LEE HARVEY,**

    Petitioner,

v.                                                            Civil Action No. **3:16CV915**

**ERIC WILSON,**

    Respondent.

## MEMORANDUM OPINION

This matter is before the Court on George Lee Harvey's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 3). Harvey challenges his prison disciplinary conviction for possessing a cellphone within a correctional institution. (Mem. Supp. § 2241 Pet. 1–2, ECF No. 3-1.) Respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. ("Motion to Dismiss," ECF No. 6.) For the reasons set forth below, Respondent's Motion to Dismiss will be denied without prejudice.

### I. Pertinent Factual and Procedural History

On March 2, 2015, Harvey was an inmate in the Federal Bureau of Prisons. (Mem. Supp. § 2241 Pet. 1.) On that date, prison officials searched Harvey's assigned cell and discovered a cell phone in a hidden compartment under the sink. (Mem. Supp. Mot. Dismiss. Ex. 2, at 1, ECF No. 7-2.)

Harvey was charged with "Possession of a Hazardous Device . . . Cellular Phone." (Mem. Supp. Mot. Dismiss Ex. 4, at 1, ECF No. 7-4.) On March 12, 2015, Disciplinary Hearing Officer ("DHO") D. Mosley conducted a hearing on the above charge. (*Id.* at 3.) At the hearing, Harvey denied guilt and stated, "I just moved in the cell two weeks ago. I know nothing about a cellphone." (*Id.* at 1.) At the conclusion of the hearing, DHO Mosley found Harvey guilty of the

above charge and sanctioned him with, *inter alia*, the loss of 41 days of good conduct time and 30 days of segregation. (*Id.* at 3.) On April 28, 2015, DHO Mosley executed his Amended Disciplinary Hearing Officer Report. (*Id.*) The next day, a copy of the same was provided to Harvey. (*Id.*)

While Harvey was serving his term of segregation, Harvey received paperwork pertaining to the above infraction that included notes from "Lieutenant Starcher, [a] Special Investigative Security" Officer ("SIS"). (Mem. Supp. § 2241 Pet. 2.) According to Harvey, those notes stated that "an identifying card used for storing data contained in cellular phones was in an envelope sent by an outside source to . . . George Stallworth[,] who occupied the assigned cell . . . prior to the arrival of petitioner at the facility." (*Id.*) According to Harvey, "George Stallworth admitted to the SIS Lieutenant that the cellphone actually belonged to him." (*Id.*)

On April 14, 2015, Harvey appealed his disciplinary conviction. (Mem. Supp. Mot. Dismiss Ex. 1, Attach. 2, at 1, ECF No. 7-1.) Harvey noted that, "Lieutenant Starcher stated to this inmate that she had uncovered evidence to establish that the cell phone belonged to Stallworth, and further evidence to establish that I knew nothing of this cell phone. However, this crucial information was not discovered by Lieutenant Starcher until after the DHO hearing was conducted, on or about, March 10, 2015." (*Id.*)

On May 1, 2015, the Regional Director denied Harvey's appeal. (Mem. Supp. Mot. Dismiss Ex. 1, Attach. 3, at 1.) In rejecting that appeal, the Regional Director noted that:

> [Y]ou allege you did not commit the prohibited act. You claim there was evidence that could have verified you did not commit the prohibited act. You failed to provide any information reflecting additional evidence existed to exonerate you of the charge. The DHO outlined in detail the evidence utilized to find you committed the prohibited act. Further, in accordance with [BOP regulations,] 'It is your responsibility to keep your area free of contraband.' In this case, the contraband was found in a common area of your cell and you are responsible for all items found in these areas.

2

(*Id.*)

## II. Analysis of Harvey's § 2241 Petition and Respondent's Motion to Dismiss

In his § 2241 Petition, Harvey complains that prison officials refused to use the information Lieutenant Starcher obtained in her investigation, which revealed the cell phone belonged to inmate Stallworth. (Mem. Supp. § 2241 Pet. 2.) Harvey requests that the Court order respondent to show cause why his motion to "RESTORE GOOD-TIME CREDITS and EXPUNGEMENT of Incident Report No. 2688653" should not be granted. (*Id.* at 8 (emphasis in original).)

When an inmate brings a habeas petition to challenge the sufficiency of the evidence underlying a revocation of his good time credits, the requirements of due process are met when "the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). Although this standard is low, it is balanced by the requirements that prison disciplinary boards,

> "may not arbitrarily refuse to consider exculpatory evidence simply because other evidence in the record suggests guilt." *Whitford v. Boglino*, 63 F.3d 527, 536 (7th Cir. 1995) (quoting *Viens v. Daniels*, 871 F.2d 1328, 1336 n.2 (7th Cir. 1989)). And prisoners are entitled to have exculpatory evidence disclosed unless its disclosure would unduly threaten institutional concerns. *Campbell v. Henman*, 931 F.2d 1212, 1214–15 (7th Cir. 1991); *Chavis v. Rowe*, 643 F.2d 1281, 1286 (7th Cir. 1981)

*Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002).

Respondent contends that Harvey's § 2241 Petition should be dismissed because there is some evidence to support Harvey's conviction for possession of a hazardous tool under the doctrine of constructive possession. (Mem. Supp. Mot. Dismiss 6–7.) In response, Harvey filed a Motion to Supplement to which he attached what he claims are Lieutenant Starcher's notes

3

regarding her investigation of the cell phone found in Harvey's cell.[1] (Mot. Supp. Ex. 1, at 3, ECF No. 9-1.) To the extent the document is what Harvey claims it to be, it supports Harvey's assertion that Stallworth admitted to ownership of the cellphone found in Harvey's cell. (*Id.*) Furthermore, the document indicates that Stallworth's roommate, Timmy whose last name is unidentified ("LNU"), was sent a SIM card in the mail for the cell phone. (*Id.*)

Respondent contends that there is no obligation for the DHO to consider new evidence and these notes are "irrelevant to the analysis of the constructive possession principle that controls this case. This is evident given that when contraband is found in an inmate's cell, it constitutes 'some evidence' of the inmate's constructive possession of it as long as relatively few inmates have access to the area." (Resp. Pet'r's Mot. Supp. 2–3 (citations omitted).) However, on the present record, it is unclear when prison officials discovered information linking the cellphone to Stallworth and LNU. To the extent that prison officials had such information prior to Harvey's hearing on March 12, 2015, it may give rise to a viable procedural due process claim. *Viens*, 871 F.2d at 1336 n.2 ("[W]here a prisoner believes he was denied a meaningful opportunity to contest the charges against him due to a disciplinary board's refusal to consider evidence or allow the prisoner access to relevant materials, the challenge is one of procedural due process rather than sufficiency of evidence."). Given the current record, Respondent's Motion to Dismiss (ECF No. 6) will be denied without prejudice.

Respondent will be directed to file a further response to the § 2241 Petition within sixty (60) days of the date of entry hereof. Such response shall contain an affidavit from Lieutenant Starcher, including the relevant timeline, regarding her investigation of Stallworth and LNU. *See* Rule 7(a), Rules Governing Section 2254 Cases ("If the petition is not dismissed,

---

[1] Although Respondent argues the notes are not authenticated, he has not put forth affirmative evidence disputing that the document is Lieutenant Starcher's notes of her investigation.

the judge may direct the parties to expand the record by submitting additional materials relating to the petition.").[2] The response shall also include any pertinent disciplinary records for Stallworth and LNU related to the possession of a cellphone or a SIM card.

### III.  Conclusion

For the reasons stated above, Harvey's Motion to Supplement (ECF No. 9) will be granted. Respondent's Motion to Dismiss (ECF No. 6) will be denied without prejudice. Respondent will be directed to file a further response to the § 2241 Petition within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

Date: 2/1/18
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[2] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; see Aguayo v. Harvey, 476 F.3d 971, 976 (D.C. Cir. 2007).

5