IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



GREGORY LEE HARVEY,

    Petitioner,

v.                                                         Civil Action No. **3:16CV915**

ERIC WILSON,

    Respondent.

## MEMORANDUM OPINION

The matter is before the Court on Respondent's Second Motion to Dismiss or in the Alternative for Summary Judgment ("Second Motion for Summary Judgment," ECF No. 13). George Lee Harvey filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 3). Harvey challenges his prison disciplinary conviction for possessing a cellphone within a correctional institution. (Mem. Supp. § 2241 Pet. 1–2, ECF No. 3–1.) Respondent previously filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ("First Motion for Summary Judgment"), which the Court denied without prejudice by Memorandum Opinion and Order on February 1, 2018. *See Harvey v. Wilson*, No. 3:16CV915, 2018 WL 660905, at *1 (E.D. Va. Feb. 1, 2018). The Court denied the First Motion for Summary Judgment, in part, because Respondent failed to address adequately Harvey's contention "that prison officials refused to use the information Lieutenant Starcher obtained in her investigation, which revealed the cell phone belonged to inmate Stallworth." *Id.* at *2.

As explained below, in the Second Motion for Summary Judgment Respondent now demonstrates that prison officials did not possess evidence that exculpated Harvey. The Second Motion for Summary Judgment (ECF No. 13) will be GRANTED.

# I. Pertinent Factual and Procedural History

On March 2, 2015, Harvey was an inmate in the Federal Bureau of Prisons. (Mem. Supp. § 2241 Pet. 1.) On that date, prison officials searched Harvey's assigned cell and discovered a cell phone in a hidden compartment under the sink. (Mem. Supp. Mot. Dismiss. Ex. 2, at 1, ECF No. 7–2.)

Harvey was charged with "Possession of a Hazardous Device . . . Cellular Phone." (Mem. Supp. Mot. Dismiss Ex. 4, at 1, ECF No. 7–4.) On March 12, 2015, Disciplinary Hearing Officer ("DHO") D. Mosley conducted a hearing on the above charge. (*Id.* at 3.) At the hearing, Harvey denied guilt and stated, "I just moved in the cell two weeks ago. I know nothing about a cellphone." (*Id.* at 1.) At the conclusion of the hearing, DHO Mosley found Harvey guilty of the above charge and sanctioned him with, *inter alia*, the loss of 41 days of good conduct time and 30 days of segregation. (*Id.* at 3.) On April 28, 2015, DHO Mosley executed his Amended Disciplinary Hearing Officer Report. (*Id.*) The next day, a copy of the same was provided to Harvey. (*Id.*)

According to Harvey, while he was serving his term of segregation, he received paperwork pertaining to the above infraction that included notes from "Lieutenant Starcher, [a] Special Investigative Security" Officer ("SIS"). (Mem. Supp. § 2241 Pet. 2.) According to Harvey, those notes stated that "an identifying card used for storing data contained in cellular phones was in an envelope sent by an outside source to . . . George Stallworth[,] who occupied the assigned cell . . . prior to the arrival of petitioner at the facility." (*Id.*) According to Harvey, "George Stallworth admitted to the SIS Lieutenant that the cellphone actually belonged to him." (*Id.*)

On April 14, 2015, Harvey appealed his disciplinary conviction. (Mem. Supp. Mot. Dismiss Ex. 1, Attach. 2, at 1, ECF No. 7–1.) Harvey noted that, "Lieutenant Starcher stated to this inmate that she had uncovered evidence to establish that the cell phone belonged to Stallworth,

2

and further evidence to establish that I knew nothing of this cell phone. However, this crucial information was not discovered by Lieutenant Starcher until after the DHO hearing was conducted, on or about, March 10, 2015." (*Id.*)

On May 1, 2015, the Regional Director denied Harvey's appeal. (Mem. Supp. Mot. Dismiss Ex. 1, Attach. 3, at 1.) In rejecting that appeal, the Regional Director noted that:

> [Y]ou allege you did not commit the prohibited act. You claim there was evidence that could have verified you did not commit the prohibited act. You failed to provide any information reflecting additional evidence existed to exonerate you of the charge. The DHO outlined in detail the evidence utilized to find you committed the prohibited act. Further, in accordance with [BOP regulations,] 'It is your responsibility to keep your area free of contraband.' In this case, the contraband was found in a common area of your cell and you are responsible for all items found in these areas.

(*Id.*)

## II. Harvey's § 2241 Petition and Respondent's First Motion for Summary Judgment

In his § 2241 Petition, Harvey complains that prison officials refused to use the information Lieutenant Starcher obtained in her investigation, which revealed the cell phone belonged to inmate Stallworth. (Mem. Supp. § 2241 Pet. 2.) Harvey requests that the Court order respondent to show cause why his motion to "RESTORE GOOD-TIME CREDITS and EXPUNGEMENT of Incident Report No. 2688653" should not be granted. (*Id.* at 8 (emphasis in original).)

When an inmate brings a habeas petition to challenge the sufficiency of the evidence underlying a revocation of his good time credits, the requirements of due process are met when "the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). Although this standard is low, it is balanced by the requirements that prison disciplinary boards,

> "may not arbitrarily refuse to consider exculpatory evidence simply because other evidence in the record suggests guilt." *Whitford v. Boglino*, 63 F.3d 527, 536 (7th Cir. 1995) (quoting *Viens v. Daniels*, 871 F.2d 1328, 1336 n.2 (7th Cir. 1989)). And prisoners are entitled to have exculpatory evidence disclosed unless its

3

> disclosure would unduly threaten institutional concerns. *Campbell v. Henman*, 931 F.2d 1212, 1214–15 (7th Cir. 1991); *Chavis v. Rowe*, 643 F.2d 1281, 1286 (7th Cir. 1981).

*Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002).

In its First Motion for Summary Judgment, Respondent asserted that Harvey's § 2241 Petition should be dismissed because there was some evidence to support Harvey's conviction for possession of the cell phone under the doctrine of constructive possession. (Mem. Supp. Mot. Dismiss 6–7.) In response, Harvey filed a Motion to Supplement to which he attached what he claimed were Lieutenant Starcher's notes regarding her investigation of the cell phone found in Harvey's cell.[1] (Mot. Supp. Ex. 1, at 3, ECF No. 9-1.) The Court noted that, to the extent the document is what Harvey claimed it to be, it supported Harvey's assertion that Stallworth admitted to ownership of the cellphone found in Harvey's cell. Furthermore, the document indicates that Stallworth's roommate, Timmy whose last name was unidentified ("LNU"), was sent a SIM card in the mail for the cell phone.

Respondent asserted that there was no obligation for the DHO to consider new evidence and these notes were "irrelevant to the analysis of the constructive possession principle that controls this case. This is evident given that when contraband is found in an inmate's cell, it constitutes 'some evidence' of the inmate's constructive possession of it as long as relatively few inmates have access to the area." (Resp. Pet'r's Mot. Supp. 2–3 (citations omitted).) However, the Court noted that on the present record, it was unclear when prison officials discovered information linking the cellphone to Stallworth and Timmy LNU. The Court observed that to the extent that prison officials had such information prior to Harvey's hearing on March 12, 2015, it

---

[1] Although Respondent argued the notes were not authenticated, at that time Respondent had not put forth affirmative evidence disputing that the document was Lieutenant Starcher's notes of her investigation.

4

may give rise to a viable procedural due process claim. *Viens*, 871 F.2d at 1336 n.2 ("[W]here a prisoner believes he was denied a meaningful opportunity to contest the charges against him due to a disciplinary board's refusal to consider evidence or allow the prisoner access to relevant materials, the challenge is one of procedural due process rather than sufficiency of evidence."). Given the then-existing record, the Court denied Respondent's First Motion to Dismiss without prejudice.

The Court directed Respondent to file a further response to the § 2241 Petition within sixty (60) days of the date of entry thereof. The Court further directed that such response shall contain an affidavit from Lieutenant Starcher, including the relevant timeline, regarding her investigation of Stallworth and Timmy LNU and any pertinent disciplinary records for Stallworth and LNU related to the possession of a cellphone or a SIM card.

### III. Respondent's Second Motion for Summary Judgment

#### A. Additional Facts

In Respondent's Second Motion for Summary Judgment, the Government puts to rest any of the concerns that the Court raised in its February 1, 2018 Memorandum Opinion and Order. Lieutenant Starcher swears, in pertinent part:

> I am familiar with Inmate Gregory Harvey . . . . Harvey was housed at FCI Marianna for a period of time while I was a SIS Lieutenant.
> I was not the lieutenant responsible for investigating Harvey's March 2, 2015, possession of a cellular phone, nor was I in any way involved in the case. I did not interview any inmates in relation to this incident, nor is there a corresponding SIS case regarding this incident.
> On April 14, 2015, approximately one month after Harvey and his cellmate were found in possession of a cell phone in their cell on March 2, 2015, Harvey was involved in a verbal altercation with another inmate. I conducted the interview of inmate [redacted] on this incident. SIS believed that the altercation concerned a contraband cell phone. No charge was brought against Harvey or anyone else for this incident.
> I conducted an SIS interview with inmate [redacted] pertaining to the April 14, 2015 verbal altercation during which a witness indicated that another inmate by the name of [redacted] might be in possession of a cell phone. This

5

> investigation did not result in the confiscation of any cell phones or other contraband, nor was it believed to be in any way related to Harvey's prior March 2, 2015 incident report on possession of a cell phone.
>
> I have reviewed the document submitted in this case at ECF No. 9–1, page 3[2], and can confirm that the handwriting on the document does not appear to be mine. *See* ECF No. 9–1, at 3 (Apr. 12, 2017). I do not recall seeing that document before, nor am I aware of its relation to any pending or previous case or investigation. Similarly, there is no corresponding SIS case number or incident report number signifying that this document is an official record belonging to an investigation. I cannot verify the veracity of this document.

(ECF No. 14–2 ¶¶ 3–7 (paragraph numbers omitted).)

Additionally, Lieutenant Delmanzano, who conducted the investigation of the cellphone found in Harvey's cell submitted a declaration, wherein he swears, in pertinent part:

> Harvey never presented any information to me that corroborated his allegation that the phone did not belong to him. He did not name any specific inmate that he believed the phone belonged to. There was no evidence that came to light, either during my investigation or after, that indicated the phone belonged to someone other than Harvey and his cellmate.
>
> I have reviewed the document submitted in this case at ECF No. 9–1, page 3, and can confirm that the handwriting on the document does not belong to me. *See* ECF No. 9–1, at 3 (Apr. 12, 2017). I have never seen that document before, nor am I aware of its relation to any pending or previous case or investigation. This document was not part of my investigation into Harvey's possession of a cell phone on March 2, 2015.

(ECF No. 14–3 ¶¶ 9–10.)[3]

In response, Harvey does not challenge the above account by Lieutenant Starcher, wherein she denies have any knowledge of any exonerating information pertaining to the cellphone found in his cell. Instead, Harvey insists insufficient evidence existed to convict him of constructive possession of the cellphone. The current record reflects that the document Harvey submitted, ECF

---

[2] This is the document which Harvey claims were Starcher's notes of her investigation of the cellphone found in Harvey's cell.

[3] Respondent also submitted some material *ex parte* and under seal pertaining, *inter alia*, to the disciplinary record of other inmates and an unredacted version of Starcher's Declaration. The Court finds that it can resolve the Second Motion for Summary Judgment without consideration of the documents that Respondent submitted *ex parte* and under seal.

No. 9–1, at 3, was not an investigative note pertaining to the cellphone found in Harvey's cell and was not otherwise exculpatory of his guilt.

### B. Analysis of Harvey's Claims

In his submission, Harvey essentially raises the following two claims:

Claim One  Insufficient evidence existed to convict Harvey of possession of the cellphone found in his cell.

Claim Two  Prison officials failed to disclose and consider exculpatory information in evaluating Harvey's guilt of the institutional offense.

#### 1. Claim One

When an inmate files a habeas petition to challenge the sufficiency of the evidence underlying the revocation of good conduct credits, due process simply requires that "the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56 (citing *United States ex rel. Vajtauer v. Comm'r of Immigration*, 273 U.S. 103, 106 (1927)). Under BOP Program Statement 5270.09, Harvey had a responsibility to keep his cell "free of contraband." (ECF No. 14, at 5 (citation omitted).) It is undisputed that Harvey was in violation of this policy, leading to his incident report. Respondent asserts that because the cellphone was found in Harvey's cell and Harvey shared his cell with only one other inmate, the DHO properly found that Harvey possessed the cellphone under the rule of constructive possession.

As the United States Court of Appeals for the Fourth Circuit has explained, "[c]onstructive possession provides 'some evidence' of guilt only when relatively few inmates have access to the area." *McClung v. Shearin*, 90 F. App'x 444, 446 (4th Cir. 2004) ("*McClung I*") (citing *Broussard*

*v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001)). Here, the cellphone was found in the cell that Harvey shared with one other inmate. Because the cellphone was found in a cell that was the "exclusive domain" of Harvey and his cellmate, the constructive possession rule provides "some evidence" of guilt and that evidence is sufficient to support Harvey's institutional conviction. *McClung v. Hollingsworth*, No. 06–6699, 2007 WL 1225946, at *3 (4th Cir. Apr. 26, 2007); *see Santiago v. Nash*, 224 F. App'x 175, 177 (3rd Cir. 2007) (citation omitted) (finding that contraband taped to inmate's bed was sufficient evidence where only a "small number of inmates are potentially guilty of the offense charged"). Accordingly, Claim One will be DISMISSED.

### 2. Claim Two

In Claim Two, Harvey's complains that prison officials failed to disclose and consider Lieutenant Starcher's note that suggest that the cellphone belonged to a prior occupant of his cell. As the expanded record reflects, the document Harvey alleged was Lieutenant Starcher's note was not created by Lieutenant Starcher or Lieutenant Delmanzano. Harvey fails to demonstrate that prison officials failed to disclose or consider any exculpatory information about the cellphone found in his cell. Accordingly, Claim Two will be DISMISSED.

### IV. Conclusion

Respondent's Second Motion for Summary Judgment (ECF No. 13) will be GRANTED. Harvey's claims will be DISMISSED. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 25 Nov. 2019
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge